MERCEDES BUS LINE, INC., demandante y apelada, *v.* GREGORIO ROJAS, demandado y apelante.

Núm. 9916.—*Sometido:* Junio 2, 1949. *Resuelto:* Junio 20, 1949.

----

*R. Rivera Zayas, G. Rivera Cestero, Milton F. Rúa* y *Víctor Rivera Colón,* abogados del apelante; *E. Martínez Rivera* y *Luis Blanco Lugo,* abogados de la apelada

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

El demandado apela de una resolución dictada por la corte inferior declarando sin lugar la moción formulada por él solicitando la nulidad del embargo trabado. Alega que dicha corte erró al resolver que la demanda aduce hechos constitutivos de una causa de acción tanto en cuanto a daños y perjuicios como en cuanto a que él se obligó a comprar y

la parte demandante a vender empresas de servicio público y certificados y franquicias expedidos por la Comisión de Servicio Público, sin que se alegue específicamente que los traspasos de tales empresas, certificados y franquicias fueron aprobados previamente por dicho organismo.

Se expone en la demanda que en 11 de septiembre de 1948 la demandante celebró un contrato de compraventa con el demandado, a virtud del cual éste se obligó a adquirir por la suma de $48,000 tres guaguas Ford Transit, con sus correspondientes franquicias de la Comisión de Servicio Público; una guagua Chevrolet Yellow Coach, con su correspondiente permiso de dicha Comisión; un permiso de la aludida Comisión para operar la guagua con licencia núm. P–4934, o una guagua en sustitución de ésta; un Jeep Ford y otros materiales y accesorios que se describen específicamente en la demanda y que serían utilizados en conexión con los vehículos antes mencionados; y que la demandante está dispuesta a cumplir lo pactado por ellos, pero que el demandado se ha negado a satisfacer el precio convenido. Se suplica se dicte sentencia ordenando al demandado a cumplir el contrato mediante el pago de la suma de $48,000 y condenándole a satisfacer a la demandante la suma de $25,000 por concepto de daños y perjuicios, más las costas y honorarios de abogado.

Para asegurar la efectividad de la sentencia la demandante embargó, previa prestación de fianza, bienes inmuebles del demandado y éste solicitó la nulidad del embargo, fundado en que la demanda no aduce hechos determinantes de una causa de acción. La corte inferior declaró sin lugar dicha moción y, conforme ya hemos indicado, el demandado apeló.

■■ Dispone el artículo 55 de la Ley 70 de 6 de diciembre de 1917 (Vol. II, págs. 432, 515) que "Ninguna venta, traspaso, compra, adquisición, aceptación o tenencia, ya sea en absoluto dominio o en pignoración directa o indirecta de cualesquiera franquicias, derechos, privilegios o concesiones, otorgada para usos públicos o cuasi-públicas, *tendrá efecto hasta*

*que fuere aprobado por la Comisión.''* (Bastardillas nuestras.) Expresado en otras palabras esto quiere decir que será ineficaz e inexistente toda venta, traspaso, compra o adquisición de cualesquiera franquicias o permisos, como los aquí envueltos, a menos que se haya obtenido previamente la aprobación de la Comisión de Servicio Público.

El reglamento aprobado por dicha Comisión en enero 28 de 1948 provee, además, que ''No se realizará ningún cambio en la propiedad o posesión de cualquier ómnibus sujeto a las disposiciones de este Reglamento *a menos que previamente se solicite bajo juramento y se obtenga el consentimiento y aprobación de la Comisión.''* (Bastardillas nuestras.) A virtud del artículo 48 de la Ley 70, supra, ese reglamento tiene fuerza de ley.

No alegándose en la demanda que para realizarse la venta de las franquicias, permisos y ómnibus a que en ellas se hace referencia se obtuvieron previamente el consentimiento y la aprobación de la Comisión de Servicio Público, tal cual lo exigen la ley y el reglamento aprobado a tenor de la misma, la demandante no tiene derecho a exigir el cumplimiento específico del contrato a que en ella se hace referencia.

Al dictar su resolución el tribunal inferior descansó principalmente en 23 Am. Jur. 743, sec. 36, donde se dice que ''Generalmente, un traspaso no autorizado de una franquicia para explotar un servicio público no es *ipso facto* nulo; por el contrario, el traspaso será considerado, de ordinario, como válido y eficaz hasta que sea atacado por el soberano en un procedimiento directo iniciado con tal fin.'' Sin embargo, un examen detenido de los casos citados en dicha obra en apoyo del contexto demuestra que en ninguno de esos casos existía una prohibición tan clara y taxativa, ni tan terminante como la contenida en el artículo 55 de la ley y en la sección 8 del reglamento, supra. Por otra parte, al final de la misma sección de la referida obra se dice a la página 744 que ''En verdad, las cortes han rehusado firmemente sancio-

nar cualquier forma de enajenación que no haya sido permitida expresamente o por razonable deducción en el propio estatuto en que se base el derecho de enajenación.'' De esto se desprende lógicamente, a nuestro juicio, que las palabras primeramente citadas constituyen la excepción y las últimas la regla general sobre la materia.

Conforme se dice en *''Law of Public Utilities''* por Oscar L. Pond, Vol. 2, cuarta edición, sec. 443, pág. 776, ''Una empresa de servicio público no puede disponer de su propiedad ni incapacitarse para poder cumplir con sus deberes hacia el público sin el consentimiento del estado o del municipio, y un contrato tendiente a realizar tal cosa sin haberse obtenido semejante consentimiento no será puesto en vigor debido al bienestar público envuelto en la transacción;'' y ''Una corte de equidad no obligará al cumplimiento de un acuerdo *ultra vires*,'' citándose los casos de *Guilford & Sangerville Water Dist.* v. *Sangerville Water Supply Co.*, 130 Maine 217, 154 Atl. 567, y *Stockton, Attorney General* v. *Central Railroad Co.*, 50 N.J. Eq. 52, 24 Atl. 964, 17 L.R.A. 97. Véanse, igualmente, *Public Utilities*, supra, a la página 786; 35 Am. St. Rep. 392; *Otter Tail Power Co.* v. *Clark*, 229 N.W. 915; *Crum* v. *Mt. Shasta Power Corp.*, 30 P.2d 30; *Henderson* v. *Oroville-Wyandotte Irr. Dist.*, 2 P.2d 803; *Webster Mfg. Co.* v. *Byrnes*, 280 P. 101; *Attorney General* v. *Haverhill Gaslight Co.*, 101 N.E. 1061.

■ Al final de su alegato la demandante sostiene que ''Aún asumiendo que la franquicia no pudiere ser válidamente traspasada, no es menos cierto que el presente contrato no solamente envuelve las franquicias de los autobus de la Mercedes Bus Line Inc. sino que también comprende vehículos, piezas de automóviles, etc.,'' y que ''En cuanto a estos últimos bienes muebles no debe haber la menor duda de que el contrato es perfectamente válido y sujeto a cumplimiento específico.'' Está en un error. Por disposición expresa del Código Civil (artículo 1123, ed. de 1930) ''A me-

nos que el contrato expresamente lo autorice, no podrá compelerse al acreedor a recibir parcialmente las prestaciones en que consista la obligación.'' Nada hay en la demanda que demuestre que por los términos expresos del contrato celebrado el demandado esté obligado a recibir en parte las cosas que sirvieron de objeto al mismo. Por el contrario, de la faz de ella se infiere que se trata de la venta global de una empresa y, siendo ello así, la obligación es indivisible.(¹) No debe en su consecuencia, concluirse que puede compelerse al demandado a recibir tan sólo aquellos efectos para cuyo traspaso la previa aprobación de la Comisión de Servicio Público es innecesaria, ni por ende que en cuanto a ellos la demanda aduce una buena causa de acción.

■ Si la demanda no aduce hechos constitutivos de una causa de acción, el embargo trabado a tenor de la misma es nulo. *Armstrong & Co.* v. *Irizarry,* 29 D.P.R. 606; *Gastón* v. *Herederos de Franceschi,* 43 D.P.R. 308, 309. Ahora bien, como es posible que la demandante esté en condiciones de enmendar su demanda, a fin de alegar que la venta de las franquicias, permisos y ómnibus fué previamente aprobada por la Comisión de Servicio Público, el caso debe ser devuelto al tribunal inferior para que éste conceda a la demandante un término razonable para que así lo haga. Cuando la demanda es susceptible de enmienda el embargo trabado no debe ser anulado. *Armstrong* v. *Irizarry,* supra. Por este único motivo dictaremos sentencia confirmando.

Dada la conclusión a que hemos llegado en cuanto a la causa de acción principal alegada, se hace innecesario resolver por ahora si en la forma en que la demanda está redactada ella aduce una causa de acción en reclamación de daños y perjuicios.

---

.(¹)En las obligaciones de un solo acreedor y un solo deudor la condición de indivisibles se presume por ley, salvo pacto en contrario. Manresa, Comentarios al Código Civil Español, Tomo VIII, ed. de 1929, pág. 215 y siguientes de esa misma obra.

*Debe confirmarse la resolución apelada y devolverse el caso al tribunal inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

EN MOCION DE RECONSIDERACION

*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 18, 1949.

*Víctor Rivera Colón,* abogado del apelante; *E. Martínez Rivera y Luis Blanco Lugo,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la opinión original emitida en este caso con fecha 20 de junio de 1949, supra, resolvimos que dado lo provisto por el artículo 55 de la Ley 70 de 1917 (Vol. II, págs. 432, 515) y por el Reglamento de la Comisión de Servicio Público apro-

bado a tenor de la misma, no aduce hechos determinantes de una causa de acción sobre cumplimiento específico una demanda en que se alegue que la demandante celebró con el demandado un contrato de compraventa, a virtud del cual éste se obligó a adquirir de aquélla ciertas guaguas con sus correspondientes franquicias, al igual que ciertos permisos y otros efectos. Asimismo, que toda vez que la demanda podía ser enmendada el embargo trabado no ʻdebía ser anulado. Dictamos, en su consecuencia, sentencia confirmando la resolución del tribunal inferior negándose a anular el embargo.

■■■■ La demandante ha presentado moción de reconsideración y sostiene, entre otras cosas, que la premisa principal en que descansa nuestra opinión es la interpretación del artículo 55 de la Ley 70, supra, al efecto de que toda venta, traspaso, compra o adquisición de cualesquiera franquicias o permisos otorgados para usos públicos, es ineficaz e inexistente a menos que se haya obtenido previamente la aprobación de la referida Comisión. No vacilamos en admitir que fué un error el expresarnos en la forma en que lo hicimos. El contrato alegado en la demanda no era ineficaz ni inexistente. Es, por el contrario, uno sujeto a condición suspensiva, ya que su efectividad está sujeta a la actuación favorable de la Comisión de Servicio Público. El cumplimiento específico de semejante contrato no procede hasta tanto se realice la condición a que el mismo está sujeto. Artículos 1067 y 1068, Código Civil, ed. de 1930;(¹) Manresa, Comentarios al Código Civil, Tomo 8, ed. de 1901, págs. 118 *et seq.*; Planiol-Ripert, Derecho Civil Francés, Tomo 7, párrs. 1025 y 1030, págs. 338 y 343, respectivamente; Planiol-Ripert, *op. cit.*,

(¹)"Artículo 1067.—En las obligaciones condicionales la adquisición de los derechos, así como la resolución o pérdida de los ya adquiridos, dependerá del acontecimiento que constituya la condición.

"Artículo 1068.—Cuando el cumplimiento de la condición dependa de la exclusiva voluntad del deudor, la obligación condicional será nula. Si dependiere de la suerte o de la voluntad de un tercero, la obligación surtirá todos sus efectos con arreglo a las disposiciones de este código.

Tomo 3, párr. 232, pág. 215, y Giorgi, Teoría de las Obligaciones, Tomo 4, pág. 354 y siguientes.

No obstante, aunque no pueda exigirse de inmediato el cumplimiento específico de un contrato sujeto a condición suspensiva, los contratantes no quedan huérfanos de remedio. A este respecto dispone nuestro Código Civil en su artículo 1074 que "el acreedor puede, antes del cumplimiento de las condiciones, ejercitar las acciones procedentes para la conservación de su derecho." Véanse también Manresa, op. cit., tomo 8, pág. 129; Giorgi, op. cit., tomos 2 y 4, págs. 229 y 358, respectivamente; Planiol-Ripert, op. cit., tomo 7, párr. 1032, pág. 345, y Martínez Ruiz, Código Civil, tomo 7, pág. 161.

Así, pues, aunque no procede exigir el cumplimiento específico del contrato a que se alude en la demanda hasta tanto tenga lugar la aprobación del traspaso por la Comisión de Servicio Público, la demandante puede, sin embargo, en armonía con el artículo 1074 del Código Civil, supra, y con el criterio de los tratadistas que acabamos de mencionar, "ejercitar las acciones procedentes para la conservación de su derecho". Entre ellas está, desde luego, la acción para que se reconozca por los tribunales la existencia del contrato alegado.

Por tanto, ante la posibilidad de que la demandante pueda enmendar su demanda en el sentido de alegar que ha obtenido de la Comisión de Servicio Público la aprobación del traspaso de las guaguas, franquicias y permisos o de que lo haga con el fin de lograr el reconocimiento de su derecho, el embargo trabado no debe ser anulado ni por ende revocada la resolución recurrida.

*Se dictará resolución modificando nuestra opinión original de conformidad con los términos de la presente.*