FRANCISCO SOTO MOLINA, demandante y apelado, *v.* PEDRO FELICIANO y su esposa RITA A. BITHORN, demandados y apelantes; JULIA A. BITHORN, tercera demandada y apelada.

Número 11287.

*Sometido:* 2 de abril de 1956. *Resuelto:* 30 de junio de 1958.

616

*V. Polanco de Jesús*, abogado del apelante señor Feliciano; *Armindo Cadilla*, abogado de la apelante señora Bithorn; *Romany & Romany*, abogados del apelado y *Esteban Susoni Lens*, abogado de la tercera demandada y apelada.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Por escritura núm. 267 de 18 de noviembre de 1946 ante el notario don Jacobo Córdova Rivera, la Autoridad sobre Hogares de Arecibo le vendió a don Antonio Arana un solar radicado en el barrio Tanamá de Arecibo. El 12 de febrero de 1947, la Junta de Planificación de Puerto Rico desaprobó la venta de dicho solar y no permitió la segregación del mismo de una finca de mayor cabida, propiedad de la Autoridad sobre Hogares de Arecibo. Solicitada la reconsideración del acuerdo de la Junta, el día 30 de abril de 1947, la Junta de Planificación se negó a reconsiderar su resolución de 12 de febrero de 1947.

Posterior a ambas resoluciones de la Junta, por escritura núm. 97 de 10 de mayo de 1947 ante el notario don Jacobo Córdova Rivera, don Antonio Arana y su esposa doña Idalia González, hipotecaron el solar que supuestamente habían adquirido de la Autoridad sobre Hogares de Arecibo, a favor de don Francisco Soto Molina, casado con doña Margarita Cintrón, por cuatro mil dólares de capital, con intereses al

seis por ciento anual y doscientos cincuenta dólares para costas y honorarios de abogado en caso de reclamación judicial, a vencer el 10 de mayo de 1948.

Por escritura núm. 53 de 21 de febrero de 1948 don Antonio Arana y su esposa doña Idalia González le vendieron a doña Rita Bithorn, casada con don Pedro Feliciano el solar que supuestamente habían adquirido de la Autoridad sobre Hogares de Arecibo por la suma de ocho mil dólares, "de cuya cantidad los vendedores dejan en poder de la compradora señora Bithorn la suma de cuatro mil dólares para pagar la hipoteca del señor Soto Molina en su día". (T. 99.)

El día 14 de febrero de 1949, la Autoridad sobre Hogares de Arecibo pasó una resolución autorizando a su presidente señor Jacinto Pastrana a (sic) "rescindir" el contrato que había concertado dicha Autoridad con el señor Arana, devolviéndole el precio de compra, el valor de un ranchón que dicho señor Arana había construído sobre el mismo y ciertos gastos de relleno del solar, rescisión que se llevó a efecto mediante la escritura núm. 10 de 21 de febrero de 1949 ante el notario don Pedro E. Anglade. (T. 100–103; 114–118.)

Por escritura núm. 4 de 21 de febrero de 1949 ante el notario don Pedro E. Anglade, a su vez, el señor Antonio Arana asistido de su esposa doña Idalia González rescindió la venta de dicho solar que había hecho a favor de doña Rita Bithorn, quien aceptó tal rescisión asistida por su esposo don Pedro Feliciano, recibiendo la parte del precio que habían pagado por el solar. (T. 100–113.) Demás está decir, que las operaciones escriturarias aquí reseñadas nunca fueron inscritas en el Registro de la Propiedad.

Cuando venció la hipoteca el día 10 de mayo de 1948, el aquí apelado requirió de los esposos Pedro Feliciano y Rita Bithorn el pago de la hipoteca que a favor de dicho apelado habían constituído don Antonio Arana y su esposa.

La ilustrada Sala sentenciadora dictó sentencia a favor del demandante apelado y los demandados apelantes apelaron, señalando cuatro errores que pueden condensarse en uno.

■■ El problema ante nos es si don Pedro Feliciano y su esposa doña Rita Bithorn vienen obligados a pagar a don Francisco Soto Molina y a su esposa la hipoteca que a favor de estos últimos constituyó don Antonio Arana y su esposa doña Idalia González. En su argumentación el señor Francisco Soto Molina y su esposa aceptan que no hay tal hipoteca, (T. 42) puesto que tanto la finca sobre la cual se constituyó como la hipoteca misma, no estaban inscritas en el Registro de la Propiedad. Pero argumentan que habiéndose comprometido doña Rita Bithorn, a nombre de ella y de su esposo, a pagar la deuda que tenía contraída con el señor Soto y su esposa, el señor Antonio Arana y su esposa, la misma se transforma de una carga real en una obligación personal.

No estamos conformes. Tanto la venta de la Autoridad sobre Hogares de Arecibo a los Arana, como la venta de los Arana a doña Rita Bithorn y su esposo, eran nulas por no haber cumplido con el art. 24 de la Ley núm. 213 de 12 de mayo de 1942, según quedó enmendado por la Ley núm. 155 de 14 de mayo de 1943, vigente al momento de estas ventas. El art. 4 del Código Civil de Puerto Rico—31 L.P.R.A. pág. 334, sec. 4—declara "nulos los actos ejecutados contra lo dispuesto en la ley, salvo los casos en que la misma ley ordene su validez". Habiéndose constituído la hipoteca a favor del señor Soto Molina sobre un solar del cual no podía disponer ni la Autoridad sobre Hogares de Arecibo, ni los Arana, tal hipoteca resulta nula: *Martínez* v. *Registrador*, 73 D.P.R. 210 (Negrón Fernández), (1952), cita precisa a la pág. 213 *et seq.*

■ La escritura de compraventa es clara, en el sentido, que doña Rita Bithorn a lo que se comprometió fué a "pagar *la hipoteca* del señor Molina en su día" como "parte del precio de compra". (T. 49–50.) La asunción de deuda, si alguna hubo, no fué por ninguna deuda independiente a la compraventa. Sabido es que la asunción de deuda, si pretende dejar liberado al anterior deudor, debe ser por pacto expreso,—art. 1158 y 1162 del Código Civil de Puerto Rico (31 L.P.R.A.

secs. 3242 y 3246). Si llegáramos a la conclusión que entre el señor Soto Molina y la señora Bithorn se realizó un nuevo contrato, una novación por expromisión, no habiéndose probado ningún acto de liberalidad que nos haga sospechar una donación, también estaríamos ante un contrato nulo por falta de causa—arts. 1213, 1226, y 1227 del Código Civil de Puerto Rico (31 L.P.R.A., secs. 3391, 3431 y 3432)—carente de efectos jurídicos en cuanto a su transmisibilidad; *Guzmán* v. *Guzmán*, 78 D.P.R. 673 (1955), cita precisa a la pág. 677.

*Debe revocarse la sentencia apelada y declararse sin lugar la demanda.*