JUAN IRIZARRY CORDERO y OTROS, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

*Número:* G-64-6 *Resuelto:* 3 de febrero de 1965

*José Sabater,* abogado de los recurrentes. El Registrador recurrido compareció por escrito.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: En *Irizarry Cordero* v. *Registrador,* 89 D.P.R. 747 (1964), confirmamos la nota del Registrador de la Propiedad de Mayagüez denegando la inscripción de la escritura de venta judicial Núm. 221 otorgada en Mayagüez el

día 8 de septiembre de 1962 ante el notario José Sabater porque tratándose de la venta en pública subasta de un condominio de un inmueble perteneciente a una menor de edad ordenada a solicitud del administrador judicial, (a) de la resolución autorizando la venta no surgía que el Tribunal Superior celebrara una audiencia para comprobar la necesidad y utilidad para dicha menor de la venta del inmueble, (b) el Fiscal no intervino en el procedimiento, y (c) no se notificó ni se dio audiencia a la heredera menor de edad.

Posteriormente comparecieron en el procedimiento de administración judicial, el Administrador Judicial, la menor representada por su padre y el adjudicatario en la subasta del condominio vendido y solicitaron del Tribunal que aprobara dicha subasta así como la referida escritura Núm. 221 y ordenara su inscripción en el Registro de la Propiedad.

Después de celebrarse una audiencia con la intervención de todos los enterados y del Fiscal, el Tribunal dictó una resolución en 19 de junio de 1964 ordenando lo solicitado. Presentada nuevamente en el Registro la susodicha escritura Núm. 221 al Registrador volvió a denegar su inscripción fundándose en que "(1) la venta judicial que comprende la escritura fue objeto de revisión judicial en el Recurso Gubernativo número G-63-13 declarándose por el Tribunal Supremo que el Tribunal Superior actuó sin jurisdicción al autorizar la venta sin la previa comprobación de la necesidad y utilidad, sin la intervención del Fiscal y sin la notificación y audiencia de la heredera y dueña del condominio vendido; (2) que considerándose la venta judicial como un contrato, la misma por los motivos antes expuestos es inexistente y no crea derechos de clase alguna de acuerdo con lo resuelto en los casos de Oliver v. Oliver 23 D.P.R. 181 y González v. Sucn. Díaz 69 D.P.R. 643 y (3) la resolución dictada con posterioridad a la decisión del citado recurso gubernativo por un juez distinto del que emitió la resolución original que motivó la venta en pública subasta, dictaminando la existen-

cia en autos de la necesidad y utilidad de la venta, podrá servir de base para ordenar una nueva venta en pública subasta, pero con la misma no se puede pretender subsanar, confirmar y ratificar la venta judicial ya efectuada y considerada como inexistente ya que la resolución original siempre adolece de los otros defectos señalados por el Tribunal Supremo en el citado recurso gubernativo, . . . . ."

 Tiene razón el Registrador. El procedimiento original estuvo viciado de nulidad. El Tribunal Superior actuó sin jurisdicción al decretar la venta en pública subasta del condominio de la menor, adoleciendo por tanto de los mismos vicios de nulidad e inexistencia la escritura de venta judicial. Dicho Tribunal carecía de facultad para aprobar un contrato nulo e inexistente.

Ahora bien, nada impide que el Tribunal Superior, Sala de Mayagüez, enmiende su resolución de 19 de junio de 1964 ordenando la celebración de una nueva subasta y disponiendo que en caso de concederse la buena pro al señor Juan Irizarry Cordero, se abonará al precio de venta la cantidad que ya satisfizo dicho postor, o de ser el adjudicatario un tercero, que del precio de venta se reintegre a dicho señor Irizarry la suma por éste ya pagada.

*Se confirmará la nota recurrida.*