RICARDO TORRES NEGRÓN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

*Número:* O-69-122     *Resuelto:* 16 de marzo de 1970

*Luis López de Victoria* y *Alexis D. Mattei,* abogados del recurrente; el Registrador recurrido compareció por escrito.

PER CURIAM: Los esposos Gabriel Pérez Oliveras y Carmen Sofía López vendieron un solar situado en Yauco, Puerto Rico, a los esposos Pedro Negrón Pérez y Librada Santos Rivera, en 11 de septiembre de 1959. Dicha venta se hizo verbalmente. Por escritura Núm. 3 de 5 de marzo de 1968, ante el notario Don Adrián Alfonso Muñiz, los esposos Negrón Santos vendieron dicho solar y una casa que en el mismo construyeron a los esposos Ricardo Torres Negrón y Doris M. Negrón Cintrón. Por escritura Núm. 72, otorgada

en 2 de abril de 1968, ante el notario Luis López de Victoria, los esposos Pérez López (1) segregaron el referido solar de una finca de mayor cabida de su propiedad; (2) declararon que dicho solar contiene una casa propiedad de los esposos Torres Negrón (3) que obtuvieron la aprobación de la Junta de Planificación para dicha segregación mediante su informe de 3 de enero de 1968; (4) que vendieron dicho solar en 11 de septiembre de 1959 a los esposos Negrón Santos y que éstos lo habían vendido a los esposos Torres Negrón por la escritura núm. 3 previamente mencionada. Por último, en dicha escritura núm. 72, los esposos Pérez López confirmaron la venta de dicho solar a favor de los esposos Torres Negrón como sucesores en interés de los esposos Negrón Santos y expresaron y consintieron en que dicha confirmación y venta se inscribiera en el Registro de la Propiedad. En dicha escritura el señor Torres Negrón aceptó dicha ratificación.

Presentadas las referidas dos escrituras con el informe de Planificación y la solicitud de que el solar se inscribiese a nombre de Torres Negrón, el Registrador de la Propiedad devolvió ambas escrituras con nota en la escritura Núm. 3 de que "se suspende la inscripción del mismo por no aparecer previamente inscrito a favor del vendedor el solar vendido. . . ." y con nota en la escritura Núm. 72 de que "se suspende la inscripción del mismo por no comparecer en la escritura Pedro Negrón Pérez para aceptar y ratificar la venta del solar de 385.45 metros cuadrados realizada a su favor el 11 de septiembre de 1959, requisito necesario para la formalización y previa inscripción de su título . . . ."

En apoyo de su recurso el recurrente sólo apunta que el primer comprador no tenía que aceptar la ratificación de la venta a su favor ya que el que compró de aquél lo sustituyó en todos sus derechos y acciones.

El Registrador recurrido, por el contrario, arguye que de acuerdo con el Art. 20 de la Ley Hipotecaria, para inscri-

bir Torres Negrón su escritura de adquisición tenía que antes inscribirse el derecho de propiedad del solar a favor de su vendedor Negrón Pérez; que para la inscripción del título de éste último no se ha presentado escritura, documento o ejecutoria; que la escritura de ratificación Núm. 72 "es insuficiente para tales propósitos por no comparecer en la misma Pedro Negrón Pérez para aceptar, ratificar o identificar el solar segregado en la misma y alegadamente vendido por Gabriel Pérez Oliveras a su favor en 11 de septiembre de 1959"; que era indispensable la comparecencia de Negrón Pérez en la escritura Núm. 72 pues la supuesta venta del mismo en 1959 carecía de eficacia legal de acuerdo con lo dispuesto en el Art. 24 de la Ley de Planificación; que no estando inscrito el título de Negrón Pérez no procede la inscripción de la escritura Núm. 3 otorgada por él a favor de Torres Negrón.

■ Como a los efectos de vender el referido solar había que segregarlo de una finca de mayor cabida, y tal acto no se llevó a cabo por el anterior dueño Pérez Oliveras y éste no obtuvo la aprobación de la segregación hasta el 3 de enero de 1968, las anteriores ventas del solar de los esposos Pérez López a los Negrón Santos y de éstos a los Torres Negrón, carecían de eficacia y eran nulas. Art. 25 de la Ley de Planificación (23 L.P.R.A. sec. 25—Supl. 1968); *Fernández v. Registrador*, 82 D.P.R. 539, 549 (1961); *Soto v. Feliciano*, 80 D.P.R. 615, 618 (1958).

No hay duda que las referidas ventas, carentes de eficacia y por tanto nulas, eran confirmables al desaparecer la causa de nulidad consistente en la ausencia de la aprobación por la Junta de Planes de la segregación del solar. *Madera v. Metropolitan Const. Corp.*, 95 D.P.R. 637, 646 (1967). El vendedor original, los esposos Pérez López, confirmaron su venta oral del solar a los esposos Negrón Santos por virtud de la escritura Núm. 72. Esa confirmación, a nuestro juicio, así mismo

convalidó la venta del solar de los Negrón Santos a los Torres Negrón.

■ Ahora bien, las anteriores actuaciones no son suficientes a los efectos de inscribir el derecho de propiedad del solar de éstos últimos. No se ha otorgado la escritura pública, ejecutoria o documento auténtico de la venta del solar de los Pérez López a los Negrón Santos como lo exige el Art. 3 de la Ley Hipotecaria (30 L.P.R.A. sec. 3). Tampoco se ha inscrito el derecho de propiedad del solar de los Negrón Santos que debe hacerse antes de poderse inscribir la venta de estos a los Torres Negrón de acuerdo con el Art. 20 de la Ley Hipotecaria (30 L.P.R.A. sec. 45).

■ La confirmación en escritura pública de una venta oral por el vendedor únicamente, no constituye un título inscribible del derecho de propiedad del comprador pues al igual que en el caso del contrato de venta en que es requisito comprobar el consentimiento de ambas partes (Art. 1339 Código Civil—31 L.P.R.A. sec. 3746), la confirmación de tal contrato requiere la comparecencia y consentimiento del vendedor y del comprador en la escritura correspondiente. La aceptación del segundo comprador en dicha escritura no surte el efecto de constituir dicha escritura en título inscribible del derecho de propiedad del primer comprador a los efectos del requisito del tracto legal prescrito por el derecho hipotecario.

*En vista de lo expuesto, se confirmarán las notas recurridas.*

El Señor Juez Presidente y el Juez Asociado Señor Rigau no intervinieron.