ANDRÉS S. y MANUEL MELÉNDEZ MARTÍNEZ, demandantes y recurridos, *v.* JIMÉNEZ REALTY, INC., demandada y recurrente; RAFAELA GONZÁLEZ DE MELÉNDEZ y OTRA, terceras demandadas y recurridas.

*Numero:* R-68-320    *Resuelto:* 25 de marzo de 1970

*Ramírez Segal & Latimer,* abogados de la recurrente; *Rafael G. Vidal Roig,* abogado de las recurridas.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

¿Es nulo a la luz de lo resuelto en *Soto* v. *Feliciano,* 80

D.P.R. 615 (1958) un contrato mediante el cual "los demandantes habrían de segregar parte de sus respectivas fincas . . . y una vez aprobadas dichas segregaciones por la Hon. Junta de Planificación de Puerto Rico, habrían de vender las parcelas segregadas a la demandada quien se obligaba a comprarlas"?

Antes de entrar a considerar la cuestión planteada es preciso exponer lo ocurrido en el presente pleito.

Los Doctores Andrés S. y Manuel Meléndez Martínez suscribieron el 14 de febrero de 1964 un contrato con la Jiménez Realty Inc. En el documento se expone "que los comparecientes don Manuel Meléndez Martínez y don Andrés S. Meléndez Martínez, con sus respectivas esposas también comparecientes tienen convenido venderle a Jiménez Realty Inc. ciertas parcelas de terreno que serán segregadas de sus respectivas propiedades que se describen detalladamente en el proyecto de escritura que se unen a este contrato marcados como Exhibits 'A' y 'B', respectivamente" y "que debido a que aún no se ha obtenido el permiso de la Junta de Planificación para hacer las segregaciones necesarias para realizar dicha venta, las mismas no pueden aun consumarse", y "convienen las partes en que las correspondientes escrituras de Segregación, Compraventa e Hipoteca serán otorgadas en el curso de los próximos quince (15) días a partir de la fecha en que queden aprobadas ambas segregaciones."

El 27 de abril de 1966 los Doctores Meléndez radicaron demanda contra la Jiménez Realty Inc. en la cual alegaron "que la Hon. Junta de Planificación de Puerto Rico denegó el permiso de segregación solicitado por los demandantes, razón por la cual no es posible llevar a cabo las compraventas acordadas por las partes en el mencionado contrato. Que tratándose de un contrato sujeto a la condición suspensiva de la aprobación de las segregaciones por la Hon. Junta de Planificación de Puerto Rico, y, no habiéndose aprobado las mismas, procede la invalidación de las obligaciones contraí-

das por las partes y que se repongan las cosas en el estado que tenían antes de otorgarse aquellas, ofreciendo la parte demandante devolver a la parte demandada las cantidades por ésta depositadas," y suplicando que se decrete "la resolución del antes mencionado contrato invalidando las obligaciones contraídas por las partes devolviéndosele a la demandada las cantidades depositadas en poder de los demandantes. . . ."

Los demandados contestaron la demanda alegando "que la parte demandante no ha hecho las gestiones necesarias para obtener los correspondientes permisos de segregación que estaba obligado a hacer bajo el contrato y que por tal razón la venta todavía no ha podido consumarse." Contrademandaron para recuperar los daños que la tardanza en conseguir el permiso de la Junta de Planificación le había ocasionado. Radicaron además demanda contra terceros contra las dos esposas de los demandantes "debido a que las referidas propiedades inmuebles son gananciales es necesaria la comparecencia de las esposas de los demandantes para efectuar dicho traspaso y asimismo resulta necesario que dichas esposas sean traídas como partes al pleito para que pueda tener validez la sentencia ordenando el cumplimiento específico que en su día pueda dictar ese Honorable Tribunal. En este momento no son partes en el pleito."

En la contestación a la demanda contra terceros radicada en 6 de junio de 1967, se alegó como defensas afirmativas que "el contrato cuya resolución se solicita no es susceptible de cumplirse a tenor con el mismo. La parte contrademandada y tercera demandada han cumplido con todas y cada una de sus obligaciones en el referido contrato. La parte demandada y demandante contra tercero no cumplió con su parte en el referido contrato al no cooperar en forma alguna."

Ambas partes solicitaron información mediante interrogatorios radicándose la contestación de la parte demandante

el 23 de febrero de 1968. El 8 de marzo siguiente se señala la vista del caso para el 22 de octubre de 1968.

El 25 de abril de 1968 los demandantes radican "Moción Solicitando Sentencia Sumaria Por las Alegaciones". En ésta alegan:

"1. Que el contrato objeto de la presente acción y que obra en los autos de este caso como Exhibit 'A' es nulo absolutamente por haber sido concertado y otorgado en contravención al artículo 24 de la Ley de Planificación de Puerto Rico, 23 L.P.R.A. Sec. 25, párrafo 2do.

2. Es nulo absolutamente dicho contrato por cuanto su objeto era ilícito ya que recaía sobre dos parcelas de terreno de las cuales la parte demandante, es decir, los promitentes o vendedores no podían disponer a la fecha en que se concertó el acuerdo por formar parte de unas fincas de mayor cabida y no haberse previamente autorizado sus segregaciones por la Hon. Junta de Planificación de Puerto Rico. . . .

.    .    .    .    .    .    .    .

6. Que este Honorable Tribunal, por disposición expresa del artículo 1257 del Código Civil, debe dictar sentencia, bien por las alegaciones (Regla 10.3 Proc. Civil), bien sumariamente (Regla 36 y ss Proc. Civil), decretando la desestimación de la reconvención y de la demanda contra tercero, y, en su consecuencia, la nulidad e inexistencia del contrato objeto del presente pleito.

7. Se unen e incorporan a la presente moción todas y cada una de las alegaciones obrantes en los autos de este caso y de cuya lectura y apreciación se desprenden los hechos necesarios e indispensables para la resolución de la presente moción."

Los demandados se opusieron a la pretensión de los demandantes alegando:

"Que nada hay de ilícito en el objeto de las obligaciones que se establecen en el contrato en cuestión ni dichas obligaciones implican ninguna violación de la política pública que motivó la aprobación del Artículo 24 de la Ley de Planificación de Puerto Rico.

Que el contrato en ninguna forma contempla la realización de una compraventa sin el previo permiso de la Junta de Planifi-

cación y por el contrario le impone a los demandantes y a las terceras demandadas la obligación de gestionar el correspondiente permiso antes de la realización de la compraventa.

Que si bien una compraventa que implique una segregación sin obtener el correspondiente permiso de la Junta de Planificación sería nula de acuerdo con lo resuelto en el caso de Soto vs. Feliciano, 80 D.P.R. 615, la promesa de compraventa en este caso está supeditada a la obtención de tal permiso y en ninguna forma viola la Ley de Planificación."

Termina alegando "que a pesar de haber los demandantes y terceras demandadas entorpecido la obtención del correspondiente permiso de la Junta de Planificación para las segregaciones, dicho permiso ha sido obtenido por gestiones de la parte demandada y copia del mismo se une a esta oposición como Exhibit A y hoy nada impide el que se lleve a efecto dicha compraventa."

Sometida la cuestión a la consideración del tribunal de instancia, determinó que "un detenido análisis del [contrato celebrado] nos lleva forzosamente a calificarlo como una compraventa perfecta, pendiente de su consumación . . . ." Y como no se obtuvo previamente el permiso de la Junta de Planificación conforme lo requiere el Art. 24 de la Ley de Planificación, (1) dictaminó que el contrato celebrado era nulo y declaró con lugar la sentencia sumaria.

En *Soto* v. *Feliciano*, supra, resolvimos que es nula la venta de un predio de terreno segregado de uno de mayor cabida si previamente la Junta de Planificación no aprueba la lotificación.

¿Es correcta la conclusión de que el contrato objeto de este pleito es uno de compraventa perfecto? Procede estudiar las cláusulas y condiciones del contrato. Se hizo constar en

---

(1) Dispone así:

"Carecerá de eficacia cualquier otorgamiento de escritura pública o contrato privado de lotificación si no ha sido sometida previamente dicha lotificación a la consideración de la Junta de Planificación de Puerto Rico y de haber sido aprobada por ésta, excepto en aquellos casos en que lo permita el Reglamento de Lotificación."

el documento que los hermanos Meléndez tenían "convenido venderle a Jiménez Realty Inc. ciertas parcelas de terreno que serán segregadas de sus respectivas propiedades . . ." y "que debido a que aún no se ha obtenido el permiso de la Junta de Planificación para hacer las segregaciones necesarias para realizar dicha venta, las mismas no pueden aún consumarse". Y "que las correspondientes escrituras de Segregación, Compraventa e Hipoteca serán otorgadas en el curso de los próximos quince días, a partir de la fecha en que queden aprobadas ambas segregaciones."

Lo pactado evidentemente no es una compraventa perfecta. No es una compraventa perfecta porque le falta el elemento real necesario para la perfección del contrato al no constituir tal cosa objeto lícito de contrato. Véanse *Emanuelli* v. *Cadierno*, 50 D.P.R. 134 (1936) y *E.L.A.* v. *De la Torre*, 87 D.P.R. 800 (1963). Está sujeto a una condición suspensiva.(2) Que la Junta de Planificación apruebe las segregaciones. Si no las aprueba no surge a la vida del derecho el contrato. Es un contrato de compraventa con una condición suspensiva. Como expresa Puig Brutau, en *Fundamentos de Derecho Civil*, Tomo I, Vol. II, pág. 127 (ed. 1959), "[e]n esta fase la obligación está contraída y las partes, por tanto, se hallan vinculadas; pero han de esperar a que desaparezca la incertidumbre y pueda saberse si la prestación efectivamente deberá realizarse o si el deudor quedaría desligado de la obligación. Por tanto, aunque las partes se hallen vinculadas no se sabe si en definitiva la obligación será eficaz. . . ." Y como expresa Manresa en *Comentarios al Código Civil Español*, Tomo VIII, Vol. 1, pág. 367 (6ta. ed.) "Si la condición suspensiva se cumple, la obligación surge. . . . Si . . . no se realiza, el vínculo de derecho no llega a aparecer. . . ."

---

(2) Así lo calificaron los propios vendedores en el párrafo 4 de su demanda.

■ Hasta tanto la Junta de Planificación aprueba las segregaciones, la obligación contraída por los vendedores no es eficaz, el vínculo de derecho no ha surgido. No existe todavía un contrato de compraventa perfecto. "En tanto la obligación suspensiva se encuentra pendiente se puede decir que la obligación no existe." Planiol y Ripert, *Tratado Práctico de Derecho Civil Francés*, Tomo 7, sec. 1030, pág. 343. Está condicionado a que la Junta apruebe la lotificación.

■ Un contrato de la naturaleza del que aquí consideramos, no contraviene lo establecido en el Art. 24 de la Ley de Planificación. Por el contrario las partes han tenido presente sus disposiciones y condicionan lo convenido a que se cumpla con las mismas. Ver *Mercedes Bus Line* v. *Rojas*, 70 D.P.R. 540–546 (1949); *Valcourt Questell* v. *Tribunal Superior*, 89 D.P.R. 827 (1964); *C. Brewer P.R., Inc.* v. *F. Vega Otero, Inc.*, 92 D.P.R. 443 (1965).

*E.L.A.* v. *De la Torre*, supra, consideró y resolvió una cuestión distinta a la planteada en el presente. Allí el contrato lo calificamos de "promesa de venta unilateral", ya que la cláusula contractual disponía: "En caso de que la propietaria resolviese vender la referida parcela G. dará preferencia a la Autoridad para la adquisición de la misma, por el precio de Un Dólar Sesenta y Cinco Centavos ($1.65) el metro cuadrado." Este convenio es distinto al que aquí consideramos. Era una promesa de vender una parte específica de una finca sin haber obtenido el correspondiente permiso de la Junta para la lotificación. Era de aplicación lo resuelto en *Soto* v. *Feliciano*, supra.

En *Fernández Vidal* v. *Morales Isaac*, Civil Núm. 65-76 del Tribunal Superior, Sala de San Juan, Revisión denegada en R-67-130, se planteó una cuestión similar a la que nos ocupa. Al resolverla se expresó así el Juez Moreda:

"El Artículo 24 de la Ley de Planificación hace ineficaz la lotificación si ésta no ha sido previamente aprobada por la

Junta de Planificación. Pero una lotificación sujeta a una condición suspensiva realmente no tiene efecto alguno hasta que no se cumpla la condición. Pendiente la condición es en cierto sentido inexistente. En este caso en particular, la condición es precisamente la aprobación por la Junta de Planificación de la lotificación convenida. Al cumplirse la condición deja de haber obstáculo alguno a la libre contratación y el convenio queda perfeccionado conforme a la ley aplicable.

En nuestra opinión una interpretación distinta . . . obstaculizaría indebidamente la libre contratación y presentaría un obstáculo serio a un importante renglón de nuestra economía; a los negocios de bienes raíces. Creemos que una lotificación sujeta a la condición suspensiva de que la misma sea aprobada por la Junta de Planificación no es contraria ni a la moral ni al orden público. También está en armonía con el espíritu de la ley y no compromete el desarrollo armonioso de la planificación y zonificación en Puerto Rico."

*Procede por todo lo expuesto revocar la sentencia sumaria dictada por el tribunal de instancia y devolver el caso para la celebración del juicio.*

El Juez Presidente Señor Negrón Fernández no intervino. El Juez Asociado Señor Blanco Lugo concurre en el resultado.