# 96 DTA 140

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**
**PANEL I**

CARMEN DIAZ TOLENTINO, POR SI Y EN REPRESENTACION
DE SU HIJA MENOR FRANCES ANDUJAR DIAZ
Peticionaria

v.

GILBERTO BERRIOS LOPEZ, POR SI Y EN REPRESENTACION DE SU HIJO MENOR
HECTOR BERRIOS ROSARIO, PUERTO RICO AMERICAN INSURANCE, CO.
Recurridos

Núm. KLCE-96-00729

San Juan, Puerto Rico, a 24 de septiembre de 1996

Panel integrado por su Presidente, Juez Brau Ramírez,
el Juez Colón Birriel y la Juez Pesante Martínez

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

Por motivo de un accidente automovilístico ocurrido el 21 de enero de 1994 en Humacao, Puerto Rico, la peticionaria Carmen Díaz Tolentino, por sí y en representación de su hija menor Frances Andújar Díaz, presentó una demanda en daños y perjuicios ante el Tribunal de Primera Instancia, Sala Superior de Humacao, contra Gilberto Berríos López, el menor Héctor Berríos Rosario, hijo del primero, y contra la recurrida Puerto Rico American Insurance, Co. (PRAICO). Luego de varias negociaciones, la parte peticionaria y PRAICO acordaron transigir la reclamación de la menor por la suma de sesenta mil ($60,000.00) dólares, sujeto a la autorización del Tribunal. Se presentó la correspondiente solicitud de vista sobre autorización judicial, la cual, sin embargo, no llegó a

celebrarse toda vez que la Procuradora de Relaciones de Familia expresó ciertos reparos sobre la condición de la menor, y porque la propia parte peticionaria le solicitó al Tribunal que pospusiera dicho señalamiento hasta tanto se concluyese una intervención quirúrgica a la cual se estaba sometiendo a la menor.

Así las cosas, PRAICO presentó una moción urgente ante el Tribunal de Primera Instancia en la que expresaba que su allanamiento a la transacción había sido un error, por cuanto la suma máxima de cubierta contemplada por la póliza era de tan sólo diez mil ($10,000.00) dólares. PRAICO informaba que estaba desistiendo de la transacción y que, en su lugar, se estaba consignando la póliza, para beneficio de la parte peticionaria.

La parte peticionaria alegó que PRAICO venía impedida de desistir de la transacción, por cuanto dicho negocio había quedado perfeccionado mediante el consentimiento de PRAICO, sujeto tan sólo a las formalidades del trámite de autorización judicial. Solicitó el cumplimiento específico de la obligación y suplicó que se volviera a señalar la vista de autorización judicial.

Mediante resolución emitida el 14 de junio de 1996 y notificada el 19 de junio de 1996, el Tribunal denegó la solicitud de la parte peticionaria, concluyendo que la transacción no había llegado a perfeccionarse.

La parte peticionaria recurre de esta resolución mediante el presente recurso de *certiorari*, presentado ante este Tribunal el 22 de julio de 1996, fuera del término de treinta días establecido por el art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada.

Denegamos el recurso solicitado porque el mismo fue presentado de forma tardía y porque, en sus méritos, los argumentos presentados no justifican nuestra intervención con la decisión de la distinguida Sala de Instancia.

**II**

Según indicado anteriormente, el término de treinta (30) días para la presentación del presente recurso empezó a computarse el 19 de junio de 1996, cuando se notificó la resolución del Tribunal de Primera Instancia. Dicho plazo expiró el viernes 19 de julio de 1996. El recurso, no obstante fue presentado el 22 de julio de 1996, tres días más tarde.

Según dispone el art. 4.002 de la Ley de la Judicatura, el término para la presentación de un recurso de *certiorari* es de cumplimiento estricto, *"excepto cuando mediaren circunstancias especiales debidamente sustentadas en la solicitud de certiorari"*. En la situación de autos, la parte peticionaria no ha intentado justificar su tardanza en la presentación del recurso. Procede, por lo tanto, su desestimación.

Los señalamientos de error presentados en el recurso, en cualquier caso, son inmeritorios. Los mismos van más bien dirigidos a cuestionar la determinación del Tribunal de que el contrato de transacción no llegó a perfeccionarse, por lo que PRAICO podía desistir del negocio.

La transacción es un contrato por el cual las partes, mediante recíprocas concesiones, evitan la provocación de un pleito o ponen fin al que había comenzado. Véase, 31 L.P.R.A. sec. 4821; véase, además, *Citibank v. Dependable Ins. Co.,* 121 D.P.R. 503 (1988). Una vez perfeccionada, tiene la autoridad de cosa juzgada entre las partes. Véase, 31 L.P.R.A. sec. 4827. Como en todo contrato, tienen que coexistir los requisitos de consentimiento, objeto y causa establecidos en el Artículo 1231 del Código Civil, 31 L.P.R.A. sec. 3391.

El objeto del contrato de transacción de ordinario consiste en la controversia existente entre las partes, la cual se extingue mediante el negocio, devolviendo a las partes la certidumbre en cuanto a sus relaciones jurídicas. Su causa consiste en las concesiones recíprocas conferidas para lograr lo anterior, a menudo un pago de dinero, pues la transacción se diferencia de otras figuras que tienen el mismo efecto de poner fin a controversias legales, en que ello se logra mediante renuncias mutuas. *Neca Mortgage Corp. v. A & W Developers S.E.,* ___ D.P.R. ___ (1995), **95 J.T.S. 10**, a la pág. 604. Por último, la transacción cumple con el requisito del consentimiento cuando las partes se ponen de

acuerdo para poner fin a la controversia entre ellas.

El consentimiento de las partes de ordinario se manifiesta por el concurso de la oferta y de la aceptación sobre la cosa y la causa que ha de constituir el contrato. Véase, Prods. *Tommy Muñiz v. COPAN*, 113 D.P.R. 517, 522 (1982); 31 L.P.R.A. sec. 3401. Este se perfecciona por el mero consentimiento y desde entonces obliga, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que según su naturaleza, sean conformes a la buena fe, al uso y a la ley. 31 L.P.R.A. sec. 3375.

Las mutuas concesiones de las partes en este tipo de negocio normalmente conllevan actos de enajenación. Por tal motivo, la capacidad para transigir depende de la capacidad del contratante para disponer de sus bienes. Véase, *Cruz v. Central Pasto Viejo,* Inc., 44 D.P.R. 367 (1933).

Las transacciones sobre los bienes o derechos de menores reciben, de parte del legislador, un tratamiento diferente a las demás transacciones debido a los intereses del Estado de velar por el bienestar de los menores y de proteger sus bienes y derechos. Los menores carecen de capacidad para disponer de sus bienes, facultad que la ley confiere a sus padres con patria potestad. 31 L.P.R.A. sec. 611. Sin embargo, las facultades reconocidas a los padres sobre los bienes de sus hijos menores no son absolutas. Sobre este particular, el Artículo 1710 del Código Civil, 31 L.P.R.A. sec. 4822, establece, en lo pertinente, que:

*"El padre, y en su caso la madre, pueden transigir sobre los bienes y derechos del hijo que tuvieren bajo su potestad; pero si el valor del objeto sobre el que recaiga la transacción excediera de quinientos (500) dólares, no surtirá ésta efecto sin la aprobación judicial."* Véase, además, 31 L.P.R.A. sec. 786.

Conforme al artículo citado, para poder transigir sobre bienes o derechos en exceso de un valor de quinientos ($500.00) dólares, los padres de los menores vienen obligados a obtener la correspondiente autorización del Tribunal. *Cruz v. Central Pasto Viejo, Inc., supra,* a la pág. 375. Este procedimiento está regido por los Artículos 614 y 615 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 2721 y 2722. Son dos entidades distintas las que intervienen en este consentimiento: la autoridad paternal y la autoridad judicial. *Cruz v. Central Pasto Viejo, Inc., supra,* a la pág. 382. *"Sin la aprobación de la última falta el complemento necesario para que el consentimiento se manifieste en toda su plenitud.... El vínculo jurídico que crea las obligaciones y determina su exigibilidad no queda establecido por el mero consentimiento del padre mientras no se haya obtenido la aprobación judicial". Id.*, a las págs. 382-383.

En ausencia de la autorización judicial, el negocio resulta *"falto de vida jurídica [y] no surte efecto alguno",* ya que no existe el consentimiento que la Ley exige para la configuración del contrato. *Cruz v. Central Pasto Viejo, Inc., supra,* a la pág. 385. Véase, Revista de Derecho Privado (Albaladejo, Director), *Comentarios al Código Civil y Compilaciones Forales,* T. 22, Vol. II, 2da ed., 1983, pág. 27.

El Tribunal Supremo de Puerto Rico ha resuelto en repetidas ocasiones que, cuando la ley requiere la autorización judicial para un negocio, la ausencia de dicha autorización constituye un defecto insubsanable que torna el negocio en nulo *ab initio,* no pudiendo ser convalidado posteriormente. Véanse, *In re: López Olmedo,* 125 D.P.R. 265 (1990); *Irizarry Cordero v. Registrador,* 91 D.P.R. 719, 721 (1965); *Vilariño Martínez v. Registrador,* 89 D.P.R. 598, 602-603 (1963); *Costa v. Piazza,* 51 D.P.R. 689, 702-703 (1937); *Hidalgo v. Registrador,* 37 D.P.R. 477, 483 (1927); *Del Rosario et al. v. Rucabado et al.,* 23 D.P.R. 473, 486 (1916); cf., *Millán v. Caribe Motors Corp.,* 83 D.P.R. 494, 504 (1961) (discutiendo distinción entre actos nulos y actos anulables).

No se trata, por lo tanto, como parece sugerir la parte peticionaria, de una obligación existente, sujeta a una condición suspensiva, cf., *Meléndez v. Jiménez Realty, Inc.,* 98 D.P.R. 892 (1970), sino que el contrato de transacción no llegó a producirse, por no existir el consentimiento para el mismo. En estas circunstancias, la parte recurrida podía válidamente retirar su oferta. Revista de Derecho Privado, *supra*, T. 17, Vol. I-B, pág. 67.

Por los fundamentos anteriormente expuestos, se declara sin lugar el recurso de *certiorari* y se devuelve el caso al Tribunal de Instancia para que continúe con el curso ordinario de los procedimientos.

Lo pronunció el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General